UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| KAOUDT US DIRECT, Plaintiff, | Case No.: |
|---|---|
| v. | COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT |
| HEZHIDA (ZHANGZHOU) MEDICAL TECHNOLOGY CO., LTD, Defendant. | DEMAND FOR JURY TRIAL |

**ORIGINAL COMPLAINT**

Plaintiff Kaoudt US Direct ("Plaintiff") files this declaratory judgment action of patent non-infringement of red light therapy mat products as defined herein ("Accused Products") and patent invalidity against United States Design Patent No. D1,069,141 ("the Patent").

**I. INTRODUCTION**

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces, specifically Amazon.com, has allowed even relatively small companies to compete globally, generally increasing competition and lowering prices.

COMPLAINT - 1

JOSEPH MILITELLO, JD PHD (WSBA 45681)
MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105

2. For an online retailer to compete effectively in the United States, it must sell on the Amazon Marketplace, which hosts millions of product listings and targets nearly 200 million monthly visitors.

3. To manage this activity, Amazon established intellectual property enforcement systems, including a patent infringement reporting mechanism. After receiving a complaint, Amazon may unilaterally remove listings and freeze account-receivable, leaving sellers with limited options to appeal, often requiring a court order for restoration.

4. The consequences of a delisting by Amazon, even when restored later, are usually severe or even catastrophic to the sellers. The heightened financial and reputational loss are partly the consequences of the scale and efficiency of the Amazon market position, wherein the cost of product transportation and storage routinely exceed the cost of product production, and wherein online ranking and online reputation in the Amazon system often determine future sale prospect.

5. Against this backdrop, Defendant Hezhida (Zhangzhou) Medical Technology Co., LTD ("Defendant") reported meritless "Intellectual Property Violations" against Plaintiff's products, specifically alleging infringement of U.S. Design Patent No. D1,069,141 ("the Patent"), resulting in the wrongful deactivation of Plaintiff's products.

## II. NATURE OF THE ACTION

6. This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Laws, 35 U.S.C. § 1 et seq.

## III. THE PARTIES

7. Plaintiff Kaoudt US Direct ("Plaintiff") is a foreign legal entity organized under the laws of the People's Republic of China with a principal place of business at Shenzhen, China.

8. Upon information and belief, Defendant is a Chinese corporation with a principal place of business in Zhangzhou, China. Defendant is the owner and assignee of record of the Patent.

## IV. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States. Jurisdiction over the subject

COMPLAINT - 2

JOSEPH MILITELLO, JD PHD (WSBA 45681)
MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105

matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10. This Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the United States market and this District by asserting its patent rights against Plaintiff through Amazon.com, directly impacting Plaintiff's business operations in this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity not resident in the United States.

## V. FACTUAL BACKGROUND

12. Plaintiff sells red light therapy mats under the "ADRACY" brand on Amazon.com.

13. On or about December 2025, Defendant lodged a meritless Amazon infringement complaint (Complaint ID: 19016448721) against Plaintiff's products, a copy of which is attached as **Exhibit B**.

14. Amazon responded by removing or threatening to remove Plaintiff's listings, including ASINs B0F2DYZDZC, B0F6FFX8SW, B0F472YM4R, and B0FHK16Y9W.

## THE ACCUSED PRODUCT

15. Plaintiff is an e-commerce company selling various red light therapy and medical-grade TPU products on the Amazon marketplace.

16. The Accused Products at issue are the red light therapy mats identified by ASIN Nos. B0F2DYZDZC, B0F6FFX8SW, B0F472YM4R, and B0FHK16Y9W, photographs of which are attached as **Exhibit D**. All Accused Products are manufactured from the same source with similar or identical structure.

17. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive, Plaintiff needs its products listed in the Amazon marketplace.

18. Defendant's ability to use Amazon infringement complaints to bypass the courts and the USPTO to obtain from Amazon *de facto* injunctions significantly harms Plaintiff since even the temporary removal of its products from commerce, pending Amazon's adjudication of the merits of the complaints it received from a rival vendor, results in an immediate loss of sales numbers, product reviews, and product ratings, which are all critical factors in determining Amazon search ranking and thus any future marketability of its products.

COMPLAINT - 3

JOSEPH MILITELLO, JD PHD (WSBA 45681)
MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105

### UNITED STATES DESIGN PATENT NO. D1,069,141

19. Defendant is the named assignee of record of U.S. Design Patent No. D1,069,141, titled "THERAPY MAT," a copy of which is attached as **Exhibit A**.

20. The Patent claims "the ornamental design for a therapy mat, as shown and described" in FIGS. 1-8.

21. The Patent was filed on September 14, 2023, and issued on April 1, 2025.

### DEFENDANT

22. On or about December 2025, Defendant lodged a meritless Amazon infringement complaint (Complaint ID: 19016448721) against Plaintiff's products, a copy of which is attached as **Exhibit B**. Therein, Defendant identified the U.S. Design Patent No. D1,069,141 as the intellectual property asserted.

23. Defendant further identified Jiyuan Zhang as the rights holder or rights holder representative and provided his contact information as contact@jzhanglaws.com.

24. Amazon responded by removing or threatening to remove Plaintiff's listings, including ASINs B0F2DYZDZC, B0F6FFX8SW, B0F472YM4R, and B0FHK16Y9W.

### PRIOR ART

25. The therapy mat design field is a "crowded field" of designs, requiring the scope of the Patent to be narrowly construed.

26. Key prior art includes **US D914,901 S** (2021), **CN 307496925 S** (2022), and **US D475,792 S** (2003), copies of which are collectively attached as **Exhibit E**.

27. Other relevant designs in this field include **CN 306405162 S**, **KR 30-0832944 S**, and **US D940,341 S**.

### PRIOR PUBLIC-SALE

28. A therapy mat identical to the design claimed in the Patent was available for sale on Amazon.com (ASIN: B0C5XYMM7R) as early as May 22, 2023.

29. Verified customer reviews for this product date back to July 27, 2023, predating the Patent's filing date of September 14, 2023, by nearly two months.

COMPLAINT - 4

JOSEPH MILITELLO, JD PHD (WSBA 45681)
MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105

30. **Exhibit C** contains a screenshot from Amazon.com showing the "Date First Available" of May 22, 2023, and a verified customer review dated July 27, 2023.

## VI. CLAIM I: INVALIDITY OF PATENT

31. The Patent is invalid under 35 U.S.C. § 102 because the claimed design was "on sale" or in public use in the United States before its effective filing date of September 14, 2023.

32. Specifically, the public sale of ASIN B0C5XYMM7R and the associated customer reviews established the design in the public domain months before Defendant's effective filing date of the Patent.

33. The Patent is further invalid under 35 U.S.C. § 103 because it would have been obvious to a designer of ordinary skill in view of the prior art identified in Section VIII.

## VII. CLAIM II: NON-INFRINGEMENT

34. Plaintiff's products do not infringe the Patent under the "ordinary observer" test.

35. Applying the test through the eyes of an observer familiar with the prior art, Plaintiff's products feature distinct ornamental elements as shown in **Exhibit D**:

    - **Branding**: Plaintiff's products feature a prominent high-contrast "ADRACY" logo, whereas the Patent shows no branding.

    - **Hardware**: Plaintiff's products include external functional buckles and power connectors not found in the ornamental drawings of the Patent.

    - **Grid Type**: Plaintiff's products use **square**-tiled LED blocks with distinct spacing, rather than the uniform **circular** dot pattern claimed in the Patent.

| Feature | Asserted Patent (D1,069,141) | Accused "ADRACY" Product |
|---|---|---|
| Construction | One integral piece; belt merges into ring structure | Two separable components; belt is removable |

COMPLAINT - 5

JOSEPH MILITELLO, JD PHD (WSBA 45681)
MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105

| Feature | Asserted Patent (D1,069,141) | Accused "ADRACY" Product |
|---|---|---|
| Attachment | Permanent merging | Threads through a slit, loops back 180°, and uses Velcro |
| LED Grid | Dense circular dots | Distinct square-tiled LED blocks with wide spacing. |
| Branding | No logos or branding | **Prominent high-contrast "ADRACY" logo.** |
| Hardware | No functional hardware shown | External functional buckles and power connectors. |

| Asserted Patent | Accused Product |
|---|---|
| | |

COMPLAINT - 6

JOSEPH MILITELLO, JD PHD (WSBA 45681)
MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105

| Note: The Asserted Patent claims all broken lines as part of the design, effectively narrows its claim scope to the pattern defined by both the broken and unbroken lines | |
|---|---|

36. An ordinary observer would not be deceived into believing Plaintiff's product is the patented design .

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment:

A. Declaring the Patent invalid;

B. Declaring that Plaintiff's products do not infringe the Patent;

C. Ordering Defendant to withdraw all Amazon infringement complaints regarding the Patent;

D. Awarding costs and attorney fees under 35 U.S.C. § 285; and

E. Granting such further relief as the Court deems just and proper.

## JURY DEMAND

COMPLAINT - 7

JOSEPH MILITELLO, JD PHD (WSBA 45681)
MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 9, 2026

Respectfully submitted,

/s/ Joseph Militello, JD PhD (WSBA 45681)

MARKINGPOST IP LAW, PLLC
1600 NE 47TH STREET, #17
SEATTLE, WA 98105
PH: (697) 229-8723

Attorney for Plaintiff